UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:22-cr-00061-LEW-1 |
| ) | |
| CHRISTOPHER BEAUCAGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO STAY SENTENCE
AND MOTION FOR BAIL**

On October 10, 2023, I sentenced Defendant Christopher Beaucage to 180-months imprisonment after he pleaded guilty to conspiring to distribute and possess with intent to distribute forty grams or more of fentanyl.  At sentencing, I remanded Beaucage to the custody of the United States Marshals.  On October 19, 2023, Beaucage, acting *pro se*, filed a Notice of Appeal (ECF No. 100).  In his Notice of Appeal, Beaucage requests this Court to stay his sentence until his appeal can be heard with counsel.  He also requests a hearing for bail.[1]

For the reasons below, Beaucage's Motion to Stay Sentence and Motion for Bail (ECF No. 105) are both DENIED.

---

[1] Beaucage also requests that this Court vacate his sentence.  I do not, however, construe Beaucage's Notice of Appeal as containing a motion for his sentence to be vacated under 28 U.S.C. § 2255 based on ineffective assistance of counsel.  Instead, I understand Beaucage's argument concerning ineffective assistance of counsel to be one of his arguments on appeal as well as an argument in favor of a stay of his sentence and bail pending appeal.  Beaucage may subsequently argue that his sentence should be vacated for ineffective assistance of counsel by filing a motion under 28 U.S.C. § 2255.

### DISCUSSION

The district court generally "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained."  18 U.S.C. § 3143(b); *see also United States v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002) (explaining that "there is no presumption in favor of release pending appeal; on the contrary, even when the conviction does not involve a crime of violence or drug offense, detention (following conviction and sentencing) is mandatory unless" the district court makes a finding under § 3143(b) justifying release pending appeal). However, a stay of a sentence pending appeal is justified if the judge makes two findings. First, the judge must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." § 3143(b)(A).  Second, the judge must find that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  *Id.* § 3143(b)(B).

In *United States v. Bayko*, 774 F.2d 516, 521–23 (1st Cir. 1985), the First Circuit remarked that § 3143(b)(B)'s text about an issue raising a substantial question of law or fact likely to result in reversal presents a "Catch 22."  Under § 3143(b)(B)(i), the district court would have to conclude that its prior ruling was likely to be reversed; but if the district court thought that, it would have ruled differently.  Thus, *Bayko* explained that § 3143(b)(B) requires that "if error is found, it must not be harmless or unprejudicial error"

2

for a stay of a sentence pending appeal.  *Bayko*, 774 F.2d at 522.  *Bayko* also instructs that a "substantial question" requires that an issue be a "'close' question or one that very well could be decided the other way."  *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

In his Notice of Appeal, Beaucage explains that he is appealing his conviction and sentence because he received ineffective assistance of counsel and because I abused my discretion in imposing a 180-month term of imprisonment.  Beaucage's requests are denied for two reasons.  First, I do not find by clear and convincing evidence that Beaucage is "not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)" given his robust criminal history.  § 3143(b)(A).  Second, I find that neither of Beaucage's arguments creates "a substantial question of law or fact" justifying a stay of Beaucage's sentence pending appeal.  *Id.* § 3143(b)(B).

## A.  Motion to Stay Sentence

### 1.  *Ineffective Assistance of Counsel*

The Sixth Amendment provides a criminal defendant with the right "to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The "right to counsel is the right to the effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  To succeed on an ineffective-assistance-of-counsel claim, the defendant must demonstrate that "counsel's performance was deficient" such that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment."  *Id.* at 687.  The defendant must also demonstrate "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court has held that the Sixth Amendment right to the effective assistance of counsel also applies during plea negotiations. *See Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

In his Notice of Appeal, Beaucage explains that his defense counsel was sanctioned for violating Maine's professional conduct rules. He also describes how defense counsel presented him with a plea agreement in which he would serve 108-months imprisonment, and Beaucage would have agreed to the plea, but it never came to fruition. Beaucage states that his defense counsel did not explain certain aspects of the United States Sentencing Guidelines to him and told him that he would not be sentenced to more than 108-months, even if the case went to trial.

If true, Beaucage's allegations raise serious concerns regarding the efficacy of his counsel's performance. Presently, however, Beaucage cannot demonstrate that a stay of his sentence pending appeal is appropriate because of his counsel's performance. There is no "substantial question of law of fact" justifying a stay of his sentence pending appeal under § 3143(b)(B)'s criteria because there is no reason to believe that Beaucage's conviction would be reversed for ineffective assistance of counsel, even if his allegations are true. The First Circuit has held "with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." *United States v. Mala*, 7 F.3d 1058, 1063 (1st Cir. 1993); *see also United States v. Maldonado-García*, 446 F.3d 227, 233 (1st Cir. 2006) (explaining that an

4

ineffective assistance of counsel claim "cannot be raised for the first time on direct appeal"). Because Beaucage has not yet presented his ineffective assistance of counsel claim to me,[2] his argument will not result in a reversal, so it is inappropriate to consider this argument in determining whether a stay of his sentence pending appeal is justified.

### 2. Sentence

In his Notice of Appeal, Beaucage also argues that I abused my discretion in sentencing him to 180-months imprisonment. Beaucage notes that he pleaded guilty and accepted responsibility for a crime that came with a five-year mandatory minimum sentence. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B). He argues that he was given a term of imprisonment that is triple that of similar offenders with similar histories, and that he was under the impression that he would be sentenced to no more than 108-months imprisonment.

Appellate courts review preserved objections to a district court's sentence under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 49 (2007). This "entails a two-step pavane." *United States v. Matos-de-Jesús*, 856 F.3d 174, 177 (1st Cir. 2017). The court first considers whether there was a procedural error. *See Gall*, 552 U.S. at 51 (explaining that a failure to properly calculate a guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain a chosen sentence amount to a procedural error). Second, an appellate court will examine whether a sentence is

---

[2] *See* footnote one above.

substantively reasonable.  "A sentence is substantively reasonable if it has a 'plausible sentencing rationale' and it reaches a 'defensible result.'"  *United States v. Díaz-Rivera*, 957 F.3d 20, 25 (1st Cir. 2020) (quoting *United States v. Miranda-Díaz*, 942 F.3d 33, 42 (1st Cir. 2019)).

Beaucage's disagreement with his 180-month sentence is an inappropriate ground for a stay of his sentence pending appeal.  There is no "substantial question of law or fact" concerning Beaucage's sentence that is likely to satisfy § 3143(b)(B)'s criteria. Beaucage's argument is directed toward the substantive reasonableness of his sentence, but his argument has no merit.  His sentence of 180-months imprisonment is on the lower end of his Guideline imprisonment range of 168–210 months, and I concluded that this sentence was appropriate after considering the § 3553(a) factors, as I said during Beaucage's sentencing.

**B.  Motion for Bail**

A motion for bail pending appeal is analyzed under the same standard as a motion for a stay of a sentence pending appeal.  *See* Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal.").  Thus, Beaucage's Motion for Bail is denied for the same reasons.

## CONCLUSION

For the foregoing reasons, Beaucage's Motion to Stay Sentence and Motion for Bail are DENIED.  The Clerk shall provide Beaucage a copy of this Order.

SO ORDERED.

Dated this 2nd day of November, 2023.

 /s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE